**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

**Douglas Mauritz,**
606 N. Wood Ave.
Marshfield, WI 54449

**Plaintiff,** Case no:

-vs-

**Capital One, NA,**
1680 Capital One Drive
McLean, VA 22102-3491

-and-

**Zwicker & Assoc., P.C.**,
80 Minuteman Road
Andover, MA 01810
Registered Agent:
CT Corporation System
301 S. Bedford St. Suite 1
Madison WI 53703

**Defendants.**

---

# Complaint

---

**NOW COMES,** the plaintiff Douglas Mauritz, by and through his attorney Briane Pagel and as and for a complaint in this matter alleges as follows:

1. Plaintiff Douglas Mauritz is a Wisconsin citizen residing at the address shown in the caption hereto.
2. Defendant Capital One, N.A., is a nationally-chartered bank which is upon information and belief engaged in the business of making loans to individuals, many of which loans are typically less than $25,000, and which loans are typically used by individuals for their

personal, family and household reasons. Upon information and belief has a principal place of business located at the address shown in the caption hereto.

3. Defendant Zwicker & Associates, P.C. is a Massachusetts corporation which is engaged in the business of collecting amounts alleged to be owed to entities other than Zwicker. Zwicker's principal place of business is located at the address shown in the caption hereto.
4. This Court has jurisdiction over this matter pursuant to 28 USC 1331.
5. On or about February 24, 2026, Capital One, using Zwicker as its lawyers, filed a complaint against Mauritz in Wood County Circuit Court. This case was assigned case number 26 SC 205. This case will be referred to as "the collection suit."
6. On April 6, 2026, Capital One, using Zwicker as its lawyers, filed an amended complaint against Mauritz.
7. Mauritz retained counsel and filed a motion to dismiss the collection suit; the motion was filed on May 11, 2026.
8. The motion to dismiss asserted as grounds that Mauritz was not given a notice of default and right to cure before being sued, and that the complaint did not comply with pleading requirements for collection suits in Wisconsin.
9. The Circuit Court held a hearing on July 6, 2025 on Mauritz's motion to dismiss. At that hearing, Capital One appeared through Zwicker.
10. At the hearing, Capital One through Zwicker claimed that it had in fact provided Mauritz a notice of default. However, as of the date of this filing, no notice of default given to Mauritz has ever been provided.
11. Despite claiming to have sent Mauritz a notice of default, Capital One said it did not oppose Mauritz's motion to dismiss the case, and Mauritz's motion was thus dismissed.
12. Following the dismissal of the suit, Mauritz through counsel asked Zwicker and Capital One to provide a copy of the notice of default they alleged had been sent to Mauritz prior to the suit being filed.
13. As of the date of the filing of this complaint, no notice of default was provided.
14. The Wisconsin Consumer Act prohibits a merchant from accelerating a transaction or filing a lawsuit against a consumer unless the merchant has first provided the consumer with a statutorily - compliant notice of default and at least 15 days to cure said default.

15. Despite never having received a statutorily-compliant notice of default and right to cure, the debt was accelerated, removing from defendant the right to make payments over time on the debt and instead requiring that she make a single lump-sum payment.
16. Upon information and belief, the debt was accelerated some time prior to the filing of the lawsuit. Had defendant been provided the legally-required notices, he could have gone on paying in installments over time, thereby avoiding a lawsuit altogether.

**First Cause of Action:**

**Acceleration of Debt and Filing of Lawsuit Without Complying With WCA notice requirements.**

17. Reallege and incorporate the foregoing as though set forth fully at this point.
18. A merchant wishing to accelerate a consumer credit transaction and require payment in full rather than payments in installments must first send a customer a notice of default, with specific, statutorily-required information in that notice, and must then allow at least 15 days for the customer to cure the default; only after sending the notice and waiting at least 15 days can the merchant accelerate the balance.
19. Merchants likewise cannot file a lawsuit without ensuring that the notice and cure provisions have been complied with.
20. Further, the contract between defendant and the original creditor required that a default exist, and notice be provided, by the merchant before accelerating the debt.
21. Accordingly, both under Wisconsin law and the contract between the parties, defendants lacked the right to demand an *accelerated* balance, regardless of whether or not they filed suit; and accordingly, defendant seeks to enforce a cause of action for that violation under section 421.108, and under section 425.102, and under section 425.107, Wis. Stats.
22. Further, regardless of the existence of a state-law claim for damages, federal law allows a claim for damages under federal debt collection laws if the debt collector misrepresented the legal status of the debt.
23. Here, defendants misrepresented the legal status of the debt by representing the debt as one which had been legally and validly accelerated, and as a debt that could therefore be demanded in full rather than paid in installments.
24. Upon information and belief, the entire debt would not have come due before the filing of this case.

25. Accordingly, defendant seeks damages for emotional distress and other actual damages for these violations.

## Damages:

26. Reallege and incorporate the foregoing as though set forth fully at this point.
27. Plaintiff suffered from emotional distress as a result of the violations herein, and thus is entitled to an award of actual damages.
28. Plaintiff was worried about getting a judgment entered against him for the full amount of the debt, when he had not planned on paying the debt as a lump sum, and would have tried to continue paying on the debt in installments if he had an option to do so. Plaintiff thus tried to set aside money that he would have spent on other things including wants and needs, and reduced his spending in an effort to save money in case he had to pay a lump sum to avoid or satisfy a judgment. Plaintiff would not have taken these steps had the lawsuit not been maintained against him. Plaintiff also had to find a lawyer and respond to a lawsuit that he would not otherwise have had to respond to, and will now have a public record available online for at least two years showing that he was sued.
29. Defendant's actions are intentional and done with an intentional disregard of defendant's rights under the Wisconsin Consumer Act, and thus defendant is entitled to an award of punitive damages for violations of that Act.
30. Plaintiff seeks in excess of $75,000 in emotional distress damages, and punitive damages.

**WHEREFORE** plaintiff requests the Court award him such damages, costs and fees as are reasonable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION.**

Dated: November 23, 2026.


**Pagel Law Firm**
Attorney for Plaintiff
*Electronically signed by:*

*/s Briane Pagel*
Bar no: 1025514

Contact:
PO Box 620104

Middleton WI 53562
(608) 206-4324
briane@pagellawfirm.com